IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| GARRY ALAN FORMAN,<br><br>Plaintiff,<br><br>vs.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, and DOES 1-5LEXINGTON INSURANCE COMPANY,<br><br>Defendant. | CV-26-94-BU-JTJ<br><br>ORDER |

**I. INTRODUCTION**

On August 28, 2026, Plaintiff Garry Alan Forman (Forman) filed a Complaint in the Montana Second Judicial District Court against Defendant State Farm Mutual Automobile Insurance Company (State Farm) and Does 1-5. (Doc. 1-1, Exhibit A and Doc. 8). State Farm removed the case to federal court based upon diversity of citizenship. (Doc. 1).

Count I of Forman's Complaint alleges that he sued Meghan Yuhas in the Montana Second Judicial District Court, Cause No. DV-24-79, (Underlying Action) for bodily injuries and property damages resulting from an attack by Yuhas' dog that

occurred on July 23, 2023. (Doc. 8, ¶¶ 1 and 2). Forman obtained a judgment in the amount of $100,000.00. (Id.).

Forman further alleges that at the time he was injured, he was using his vehicle, which was insured under an automobile policy he had with State Farm, and Meghan Yuhas was an uninsured motorist. (Id., ¶¶ 3 and 4). Forman alleges that because Yuhas was uninsured, his Uninsured Motorist (UM) coverage was triggered. (Id., ¶ 4).

Prior to filing the state court action, Forman alleges State Farm denied UM coverage. (Id., ¶ 5). Forman further alleges that despite demand for payment of available UM benefits, after obtaining a judgment, State Farm has refused to tender the money due Forman under his automobile policy. (Id., ¶ 7).

In Count II, Forman alleges that State Farm's acts and/or omissions constituted violations of Mont. Code Ann. §33-18-201(1), (4), and (6) of Unfair Trade Practices Act (UTPA). (Id, ¶¶ 8-11).

State Farm has filed a Motion to Dismiss Count II of Forman's Complaint and briefs in support, contending this claim is barred by the two year statute of limitations set forth in Mont. Code Ann. § 33-18-242(8)(a). (Docs. 4, 5, and 13). Forman opposes the motion. (Doc. 9).

## II. LEGAL STANDARDS.

### A. Motion to Dismiss

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is proper under Rule 12(b)(6) when the complaint "either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013). To withstand a motion to dismiss under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). At the motion to dismiss stage, the Court "take[s] all well-pleaded factual allegations in the complaint as true, construing them in the light most favorable to the nonmoving party." *Keates v. Koile*, 883 F.3d 1228, 1234 (9th Cir. 2018). However, "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *National Association for the Advancement of Psychoanalysis v. California Board of Psychology*, 228 F.3d 1043, 1049 (9th Cir. 2000). Additionally, "the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).

On a motion to dismiss, a court may consider "documents [that] have been incorporated into the complaint by reference or are matters of which a court may take judicial notice." *Orellana v. Mayorkas*, 6 F.4th 1034, 1042-43 (9th Cir. 2021).

A court may assume an incorporated document's contents are true for purposes a motion to dismiss under Rule 12(b)(6). *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). When jurisdiction is based upon diversity of citizenship, the court applies the substantive law of the forum state. *Medical Laboratory Mgmt. Consultants v. American Broadcasting Companies, Inc.,* 306 F.3d 806, 812 (9th Cir. 2009).

### B. Statute of Limitations

Mont. Code Ann. § 27-2-102 (1)(a) provides that "a claim or cause of action accrues when all elements of the claim or cause of action exist or have occurred, the right to maintain an action on the claim or cause is complete, and the court or other agency is authorized to accept jurisdiction of the action." Lack of knowledge of the claim or cause of action, or of its accrual, by the party to whom it has accrued does not postpone the beginning of the period of limitation. Mont. Code Ann. § 27-2-102(2).

## III. DISCUSSION

### A. The statute of limitations bars Forman's UTPA claim

State Farm contends that Forman's UTPA claim, set forth in Count II, alleges State Farm violated Mont. Code Ann. Ann. § 33-18-201(1), (4), and (6) through denying UM coverage based upon alleged events set forth in Forman's Underlying Action, which occurred on July 23, 2023. (Doc. 5, p. 6). According to State Farm,

this claim is barred by the statute of limitations set forth in § 33-18-242(8)(a), which requires the commencement of such an action to occur within two years from the date of the violation of 33-18-201. (Id.).

State Farm argues that Forman's Underlying Action was filed on March 29, 2024, and alleges that State Farm denied his claim at some point in time before then. (Id). Therefore, because Forman filed this action on August 28, 2026, more than two years after the date Forman alleges State Farm violated Mont. Code Ann. § 33-18-201, Count II of Forman's Complaint must be dismissed for failure to state a claim upon which relief can be granted. (Id., p. 7).

Forman argues that a statute of limitations dismissal under Fed. R. Civ. P. 12(b)(6) is only available when the untimeliness of the claim is apparent on the face of the complaint. (Doc. 9, p. 2, citing *United States v. Page*, 116 F.4th 822, 829 (9th Cir. 2024)). Forman contends that none of the allegations in his Complaint state a date upon which the statute of limitations could be deemed to be started. (Id., p. 3).

Forman further objects to the Court considering matters outside the Complaint, but argues that should the court choose to take judicial notice of the filing dates, the court should consider June 30, 2026, the date the Judgment was entered in the Underlying Action, as the date which started the process of demand and denial for the purposes of determining when the statute of limitations began to run. (Id., p. 4). Based upon this date, Forman argues that his Complaint in this matter was timely.

(Id.).

State Farm counters that Forman's Complaint does not allege facts identifying any distinct post judgment claims-handling violation, only a continuation of the pre-suit denial. (Doc. 13, p. 2). The continuing consequences from an earlier claims-handling decision does not postpone accrual until damages are complete. (Id., citing *Burton v. State Farm Mutual Automobile Insurance Co.*, 30 M.F.R. 173 (August 29, 2002).

The Court agrees with State Farm. The two year statute of limitations pursuant to Mont. Code Ann. § 33-18-242(8)(a) begins to run with the initial denial of coverage. *Davis v. PacificSource Health Plans,* 2020 WL 1812114 at * 2 (D. Mont. April 9 2020); *Greenwald v. Safeco Ins. Co. of Am.*, 2010 WL 2978140 at *3 (D. Mont. July 26, 2010). "While subsequent conduct may give rise to new claims, later conduct that merely affirms the initial denial of coverage does not reset the limitations period." *PacificSource* at *2, citing *Cyr v. Farmers All. Mut. Ins. Co.* , 2006 WL 2788972, at * 4 (D. Mont. Sept. 26, 2006).

In this case, all elements of Forman's UTPA claim alleging State Farm misrepresented insurance policy provisions relating to coverages at issue; refused to pay his claim without conducting a reasonable investigation based on all available information; and neglecting to attempt in good faith to effectuate a prompt, fair and equitable settlement of his claim in which liability had become reasonably clear, in

violation of Mont. Code Ann. § 33-18-201 (1), (4) and (6) respectively, occurred at the latest, on March 29, 2024, the date Forman filed the Underlying Claim.

At that time, as alleged in Forman's current Complaint, Forman knew he was injured on July 23, 2023, and had suffered damages. (Doc. 8, ¶ 1). Foreman further alleged that at the time he was injured, UM coverage was triggered and that State Farm denied such coverage. (Doc. 8, ¶¶ 4 and 5). Forman further alleges State Farm was legally obligated to pay UM benefits for his damages arising from the incident and despite this obligation to pay UM benefits, State Farm failed to pay promptly damages that were reasonably clear or negotiate in good faith, requiring him to file a lawsuit. (Id. ¶¶ 9 and 10).

Based upon the above, the information set forth in Forman's Complaint demonstrates that the elements of Forman's UTPA claim were known to him at the time he filed the Underlying Action. Therefore, the statute of limitations began to run at that time. Forman's allegation that State Farm refused to tender him the money he was owed under his policy after he obtained a Judgment in the Underlying Action, did not extend or reset the limitations period. This subsequent conduct merely affirmed the initial denial of coverage and did not reset the limitations period.

Finally, unlike a third-party claimant, a first-party claimant need not wait until settlement or entry of judgment to file a claim under Mont. Code. Ann. § 33-18-242. Therefore, Forman's argument that the statute of limitations should begin

on the date the Judgment was entered in the Underlying Action is without merit.

However, should Forman obtain facts during discovery that State Farm engaged in conduct within two years of filing this action that constitutes a violation of the UTPA separate and independent of the allegations made in his present complaint, he may file a motion seeking leave to file an amended complaint.

## IV. CONCLUSION

Accordingly,

IT IS ORDERED that because Forman's UTPA claim is time barred, State Farm's Motion to Dismiss Count II of Forman's Complaint (Doc. 4) is GRANTED.

DATED 12th day of November 2026.

John Johnston
United States Magistrate Judge